# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| MARK STEPHEN NEIGHBORS and | ) | Case No. 11-21003 |
| SHELLY KAY NEIGHBORS, | ) | Chapter 11 |
|     Debtors. | ) | |
| | ) | |
| | ) | |
| MARK STEPHEN NEIGHBORS and | ) | Adversary Proceeding 15-06106 |
| SHELLY KAY NEIGHBORS, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
|     Defendant. | ) | |

## DEFENDANT CITIMORTGAGE, INC.'S ANSWER

COMES NOW Creditor/Defendant CitiMortgage, Inc. ("Citi"), by and through its attorneys of record, and for its Answer to the Complaint[1] (Doc. 1) filed by Debtors/Plaintiffs Mark and Shelly Neighbors (collectively "Plaintiffs"), denies each and every allegation therein unless specifically admitted, and further states as follows:

### Parties

1.    Admitted.

2.    Admitted.

3.    Citi denies that it engaged in any improper conduct. Citi admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

4.    Admitted.

5.    Admitted

---

[1] Plaintiffs titled their pleading a "Petition." Citi will refer to that pleading as a Complaint pursuant to Fed. R. Bankr. P. 7007 and Fed. R. Civ. P. 7.

WA 7557616.1

**Facts Common to all Counts**

6. Citi admits that Plaintiffs own and reside at a property located at 14761 Bond, Overland Park, Kansas 66221. Citi is without sufficient information to admit or deny the remaining allegations in paragraph 6 and, therefore, denies the same.

7. Citi admits that, on or about May 30, 2007, Plaintiffs executed a promissory note (the "Personal Residence Promissory Note") in favor of Capwest Mortgage Corporation for a loan in the principal sum of $728,000.00 (the "Personal Residence Loan"), and that note was secured by a mortgage on real property with the common address of 14761 Bond, Overland Park, Kansas 66221 (the "Personal Residence Mortgage"). Citi is without sufficient information to admit or deny the remaining allegations in paragraph 7 and, therefore, denies the same.

8. Citi admits that Exhibit A includes a copy of the Personal Residence Promissory Note and the Personal Residence Mortgage. Citi denies the remaining allegations in paragraph 8.

9. Citi admits that Capwest Mortgage Corporation assigned the Personal Residence Loan to Citi. Citi owns the Personal Residence Loan and is the holder of the Personal Residence Promissory Note. Citi denies the remaining allegations in paragraph 9.

10. Admitted.

11. Citi admits that, on or about November 30, 2006, Plaintiffs (a) executed a promissory note (the "Tract E4 Promissory Note") in favor of Capwest Mortgage Corporation for a loan in the principal sum of $393,750.00 ("Tract E4 Loan"), and that note was secured by a deed of trust on real property known as Tract E4 in Gravois Mills, Missouri (with the common address of 16961 Gentle Slopes Drive) (the "Tract E4 Deed of Trust") and (b) executed a promissory note (the "Tract E5 Promissory Note") in favor of Capwest Mortgage Corporation for a loan in the principal sum of $393,750.00 ("Tract E5 Loan"), and that note was secured by a deed of trust on real property known as Tract E5 in Gravois Mills, Missouri (with the common

address of 16959 Gentle Slopes Drive) (the "Tract E5 Deed of Trust"). Citi is without sufficient information to admit or deny the remaining allegations in paragraph 11 and, therefore, denies the same.

12. Citi admits that, on or about November 30, 2006, Plaintiffs executed the Tract E4 Promissory Note, the Tract E4 Deed of Trust, the Tract E5 Promissory Note, and the Tract E5 Deed of Trust. Citi is without sufficient information to admit or deny the remaining allegations in paragraph 12 and, therefore, denies the same.

13. Citi admits that Exhibit B includes a copy of the Tract E4 Promissory Note and Tract E4 Deed of Trust, and Plaintiff Shelly Neighbors is the sole borrower on the Tract E4 Promissory Note. Citi denies any remaining allegations in paragraph 13.

14. Citi admits that the Tract E4 Deed of Trust contains the legal description for Tract E4 (16961 Gentle Slopes Drive), but lists a street address of 16959 Gentle Slopes Drive. Citi denies any remaining allegations in paragraph 14.

15. Denied.

16. Denied.

17. Citi admits that Exhibit C includes a copy of the Tract E5 Promissory Note and Tract E5 Deed of Trust, and Plaintiff Shelly Neighbors is the sole borrower on the Tract E5 Promissory Note. Citi denies any remaining allegations in paragraph 17.

18. Citi admits that the Tract E5 Deed of Trust contains the legal description for Tract E5 (16959 Gentle Slopes Drive), but lists a street address of 16961 Gentle Slopes Drive. Citi denies any remaining allegations in paragraph 18.

19. Citi admits that it was assigned the Tract E4 Loan and the Tract E5 Loan for servicing. Citi is the holder of the Tract E4 Promissory Note and the Tract E5 Promissory Note. Citi denies the remaining allegations in paragraph 19.

### CitiMortgage's Alleged Conduct

20. Citi is without sufficient information to admit or deny the allegations in paragraph 20 and, therefore, denies the same.

21. Citi is without sufficient information to admit or deny the allegations in paragraph 21 and, therefore, denies the same.

22. Denied.

23. Citi admits that it sent correspondence to Plaintiffs regarding the Home Affordable Modification Program in 2010. Citi denies the remaining allegations in paragraph 23.

24. Citi admits that it had conversations with Plaintiffs regarding the Home Affordable Modification Program. Citi is without sufficient information to admit or deny the remaining allegations in paragraph 24 and, therefore, denies the same.

25. Citi is without sufficient information to admit or deny the allegations in paragraph 25 and, therefore, denies the same.

26. Citi admits that Plaintiffs applied for modifications of the Personal Residence Loan, the Tract E4 Loan, and the Tract E5 Loan. Citi further admits that Plaintiffs were delinquent on those loans. Citi is without sufficient information to admit or deny the remaining allegations in paragraph 26 and, therefore, denies the same.

27. Denied.

28. Denied.

29. Citi admits that it sent delinquency notices to Plaintiffs. Citi denies the allegation that it agreed to permanently modify the Personal Residence Loan, the Tract E4 Loan, or the Tract E5 Loan. Citi is without sufficient information to admit or deny the remaining allegations in paragraph 29 and, therefore, denies the same.

30. Citi denies the allegation that it agreed to permanently modify the Personal Residence Loan, the Tract E4 Loan, or the Tract E5 Loan. Citi is without sufficient information to admit or deny the remaining allegations in paragraph 30 and, therefore, denies the same.

31. Citi is without sufficient information to admit or deny the allegations in paragraph 31 and, therefore, denies the same.

32. Citi is without sufficient information to admit or deny the allegations in paragraph 32 and, therefore, denies the same.

33. Citi is without sufficient information to admit or deny the allegations in paragraph 33 and, therefore, denies the same.

34. Citi is without sufficient information to admit or deny the allegations in paragraph 34 and, therefore, denies the same.

35. Citi is without sufficient information to admit or deny the allegations in paragraph 35 and, therefore, denies the same.

36. Citi admits that it filed a lawsuit against Plaintiffs in the District Court of Johnson County, Kansas, on November 2, 2010, to foreclose on the Personal Residence Mortgage. Citi denies any remaining allegations in paragraph 36.

37. Citi is without sufficient information to admit or deny the allegations in paragraph 37 and, therefore, denies the same.

38. Citi admits that the Personal Residence Loan, the Tract E4 Loan, and the Tract E5 Loan were not permanently modified. Citi is without sufficient information to admit or deny the remaining allegations in paragraph 38 and, therefore, denies the same.

39. Citi is without sufficient information to admit or deny the allegations in paragraph 39 and, therefore, denies the same.

40. Citi is without sufficient information to admit or deny the allegations in paragraph 40 and, therefore, denies the same.

41. Citi is without sufficient information to admit or deny the allegations in paragraph 41 and, therefore, denies the same.

## Count I – Missouri Merchandising Practices Act

42. This paragraph does not require a response. To the extent a response is necessary, Citi incorporates its responses to the preceding paragraphs.

43. Paragraph 43 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

44. Admitted.

45. Citi admits that Capwest Mortgage Corporation assigned the Personal Residence Loan to Citi. Citi owns the Personal Residence Loan and is the holder of the Personal Residence Promissory Note. Citi denies the remaining allegations in paragraph 45.

46. Citi admits that it owns and services the Personal Residence Loan and it can communicate with Plaintiffs regarding the loan, collect payments on the loan, and investigate potential modifications of the loan. Citi denies any remaining allegations in paragraph 46.

47. Paragraph 47 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

48. Paragraph 48 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

49. Paragraph 49 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

50. Citi admits that it owns the Personal Residence Loan and it is the party entitled to receive monthly loan payments made by Plaintiffs. Citi denies the remaining allegations in paragraph 50.

51. Citi admits that it initiated a lawsuit in the District Court of Johnson County, Kansas on November 2, 2010, to foreclose on the Personal Residence Mortgage. Citi further admits that it declared Plaintiffs in default under the Personal Residence Loan. Citi denies the remaining allegations in paragraph 51.

52. Denied.

### Count II – Missouri Merchandising Practices Act

53. This paragraph does not require a response. To the extent a response is necessary, Citi incorporates its responses to the preceding paragraphs.

54. Paragraph 54 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

55. Admitted.

56. Citi admits that it was assigned the Tract E4 Loan for servicing. Citi denies the remaining allegations in paragraph 56.

57. Citi admits that it is the servicer of the Tract E4 Loan and it can communicate with Plaintiffs regarding the loan and collect payments on the loan. Citi denies the remaining allegations in paragraph 57.

58. Paragraph 58 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

59. Paragraph 59 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

60. Paragraph 60 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

61. Citi admits that it is the servicer of the Tract E4 Loan and it receives a portion of loan payments made by Plaintiffs. Citi denies any remaining allegations in paragraph 61.

62. Denied.

63. Denied.

## Count III – Missouri Merchandising Practices Act

64. This paragraph does not require a response. To the extent a response is necessary, Citi incorporates its responses to the preceding paragraphs.

65. Paragraph 65 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

66. Admitted.

67. Citi admits that it was assigned the Tract E5 Loan for servicing. Citi denies the remaining allegations in paragraph 67.

68. Citi admits that it is the servicer of the Tract E5 Loan and it can communicate with Plaintiffs regarding the loan and collect payments on the loan. Citi denies the remaining allegations in paragraph 68.

69. Paragraph 69 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

70. Paragraph 70 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

71. Paragraph 71 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

72. Citi admits that it is the servicer of the Tract E5 Loan and it receives a portion of loan payments made by Plaintiffs. Citi denies any remaining allegations in paragraph 72.

73. Denied.

74. Denied.

## Count IV – Negligent Misrepresentation

75. This paragraph does not require a response. To the extent a response is necessary, Citi incorporates its responses to the preceding paragraphs.

76. Citi admits that its principal place of business is located in Missouri, and it communicated with Plaintiffs regarding their loans. Citi denies the remaining allegations in paragraph 76.

77. Denied.

78. Paragraph 78 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

79. Denied.

80. Denied.

81. Denied.

82. Citi admits that Plaintiffs failed to make payments on the Personal Residence Loan when due and they applied for a modification of that loan. Citi denies the remaining allegations in paragraph 82.

83. Denied.

### Count V – Negligent Misrepresentation

84. This paragraph does not require a response. To the extent a response is necessary, Citi incorporates its responses to the preceding paragraphs.

85. Citi admits that its principal place of business is located in Missouri, and it communicated with Plaintiffs regarding their loans. Citi denies the remaining allegations in paragraph 85.

86. Denied.

87. Paragraph 87 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

88. Denied.

89. Denied.

90. Denied.

91. Citi admits that Plaintiffs failed to make payments on the Tract E4 Loan when due and they applied for a modification of that loan. Citi denies the remaining allegations in paragraph 91.

92. Denied.

### Count VI – Negligent Misrepresentation

93. This paragraph does not require a response. To the extent a response is necessary, Citi incorporates its responses to the preceding paragraphs.

94. Citi admits that its principal place of business is located in Missouri, and it communicated with Plaintiffs regarding their loans. Citi denies the remaining allegations in paragraph 94.

95. Denied.

96. Paragraph 96 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Citi denies the same.

97. Denied.

98. Denied.

99. Denied.

100. Citi admits that Plaintiffs failed to make payments on the Tract E5 Loan when due and they applied for a modification of that loan. Citi denies the remaining allegations in the first paragraph 100.

100. Citi denies the second paragraph 100.

## **AFFIRMATIVE DEFENSES**

By way of further answer and/or affirmative defense to the Complaint, Citi states as follows:

1. Plaintiffs are barred from asserting any cause of action against Citi under the doctrines of waiver, estoppel, and/or release.

2. Plaintiffs have failed to state a claim against Citi upon which relief can be granted.

3. Plaintiffs' claims are barred by the statute of frauds, including Mo. Stat. §§ 432.045, 432.047 and K.S.A. § 16-118(a).

4. Plaintiffs' claims are barred because there is no private cause of action under the Home Affordable Modification Program.

5. Counts I-III fail to state a claim because the loans were not in connection with the sale of any merchandise in trade or commerce in or from the State of Missouri; Plaintiffs reside in Kansas, the property securing the Personal Residence Loan is located in Kansas, and Citi's alleged actions were not "in connection with" a sale.

6. Counts II-III are barred because the Tract E4 Loan and the Tract E5 Loan were secured by investment properties—not properties primarily for personal, family or household purposes. Plaintiffs have failed to state a claim and they lack standing to assert these claims under Mo. Stat. § 407.025.

7. Counts IV-VI fail to state a claim because any reliance by Plaintiffs on information allegedly provided by Citi was unreasonable and unjustified due to the no-oral-modifications clauses in the security instruments; the alleged representations were not statements of fact upon which Plaintiffs were entitled to rely; and, Plaintiffs did not take any action or refrain from taking any action based on the alleged representations.

8. Plaintiffs' causes of action are barred by the statute of limitations and the doctrine of laches.

9. Plaintiffs' claims may be barred, in whole or in part, to the extent they failed to mitigate their damages, the existence of which damages Citi specifically denies.

10. By way of further affirmative defense, Citi asserts any other matter constituting an avoidance or affirmative defense.

11. Citi reserves the right to amend its answer to the Complaint to assert additional affirmative defenses as it ascertains grounds for doing so during discovery.

WHEREFORE, Citi respectfully asks the Court to enter judgment in its favor and against Plaintiffs, dismiss the Complaint with prejudice, award Citi the costs and attorneys' fees that it reasonably incurred to defend against the Complaint, and grant any other relief that the Court deems just.

12

WA 7557616.1

Case 15-06106   Doc# 9   Filed 12/01/15   Page 12 of 13

Respectfully submitted,

SPENCER FANE LLP

s/ Kersten L. Holzhueter
| Eric L. Johnson | KS# 20542 |
| Kersten L. Holzhueter | KS# 24885 |

1000 Walnut St., Suite 1400
Kansas City, MO  64106
Telephone:  816-474-8100
Facsimile:  816-474-3216
ejohnson@spencerfane.com
kholzhueter@spencerfane.com
Attorneys for CitiMortgage, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2015, a true and correct copy of the foregoing was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.


/s/ Kersten L. Holzhueter
Attorney for CitiMortgage, Inc.